**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KIMBERLY HOWARD,

    Plaintiff,

vs.                                      CASE NO. 3:10-cv-192-J-34TEM

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## O R D E R

    The matter is before the Court on Defendant's motion to stay discovery (Doc. #24) and Defendant's motion for an enlargement of time to respond to discovery (Doc. #25). Plaintiff has filed a response in opposition (Doc. #28). In addition, both parties were permitted to file, and have filed, reply briefs (*see* Docs. #33 and #34). For the reasons stated herein, Defendant's motions shall be granted in part and denied in part.

    In this action, Plaintiff seeks to recover disability benefits under an employer disability plan, insured and underwritten by Defendant Hartford (*see* Doc. #1). Such plans are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* Hartford rejected Plaintiff's claim for disability benefits. Having exhausted her administrative remedies, Plaintiff filed this action pursuant to 29 U.S.C. § 1132(a)(1)(B) for review of this determination by Defendant Hartford. The issue presently

before the Court is whether discovery should be stayed pending the Court's review of the administrative record.[1]

The Supreme Court, noting that ERISA does not set out a standard of review to be used by District Courts, stated that, generally, the review is a *de novo* review unless the administrator operates under a conflict of interest, in which case such a conflict would be a factor for the Court to consider in determining whether there has been an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989). Subsequently, in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 114 (2008), the Supreme Court stated that a conflict of interest was present when an employer's selected insurer serves as plan administrator and also pays the benefits (such as here). In *Glenn*, the Supreme Court also noted that it desired to clarify what it set forth in *Firestone*, *supra*, "namely, that a conflict should be weighed as a factor in determining whether there is an abuse of discretion." *Id.* (internal quotations and citations omitted). The *Glenn* Court noted that its "elucidation of *Firestone's* standard does not consist of a detailed set of instructions" and that the lower courts should consider the conflict of interest "as a factor in determining the ultimate adequacy of the record's support of the agency's own factual conclusion." *Id.* at 119.

Although the Eleventh Circuit has not specifically stated whether discovery should be allowed in ERISA cases, it has indicated that some discovery may be appropriate. For instance, in *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1196 (11th Cir. 2010), the Court

---

[1] Pursuant to the Case Management and Scheduling Order (Doc. #23), the administrative record was due to be provided to Plaintiff by August 31, 2010; however, to date, this has not yet occurred (*see* Doc. #24 at 13-14).

noted that the scope of discovery the district court had ordered was not limited to the administrative record, apparently allowing additional discovery with respect to "how the fiduciary [or claim administrator] reached its decision" or "whether [the claim] administrator fulfilled his or her fiduciary duties."  The Eleventh Circuit noted that this "expansive discovery falls in line with a *de novo* review."  As noted in *Blankenship v. Metropolitan Life Ins. Co.*, 686 F. Supp. 2d 1227, 1233 (N.D. Ala. 2010), there would [likely] be no realistic way for [a] plaintiff. . . to 'provide' to any court 'evidence' of a conflict without obtaining and relying upon extrinsic evidence, evidence beyond the cold administrative record."  The *Blankenship* court added:

> There are a growing number of cases that recognize limited discovery to bring to light evidence not in the administrative record, such as procedural defects, special or repeated relationships between experts and administrators, the amount of compensation paid to employed consultants, statistical records reflecting the percentages of claims granted and denied, etc. Such evidence could be very helpful to a court charged with the great responsibility imposed upon it by *Glenn* [*i.e.,* to weigh the conflict of interest as a factor in determining the ultimate adequacy of the record's support of the agency's own factual conclusion].

*Id.* at 1233-34 (citing a multitude of nationwide post-*Glenn* decisions).

In this case, Plaintiff served a request for production of documents prior to Defendant providing the administrative record (*see* Doc. #28-1).  Although the Court is not inclined to adopt the bifurcated procedure that Defendant proposes, in the interest of reducing litigation costs, the Court does find that discovery should only proceed subsequent to Plaintiff obtaining the administrative record.  Once Plaintiff reviews the administrative record and determines whether additional information is required, Plaintiff may tailor specific requests for appropriate discovery without duplicating what has already been produced.

Based on the foregoing, it is hereby **ORDERED:**

1. Defendant's motion to stay discovery (Doc. #24) and Defendant's motion for an enlargement of time to respond to discovery (Doc. #25) are **GRANTED in part and DENIED in part**.

2. Defendant shall provide the **administrative record** to Plaintiff by **February 24, 2011**.

3. Once Plaintiff reviews the administrative record and determines whether additional information is required, Plaintiff may tailor specific requests for appropriate discovery without duplicating what has already been produced.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of February, 2011.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge