**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KIMBERLY HOWARD,

     Plaintiff,

vs.                                                                  CASE NO. 3:10-cv-192-J-34TEM

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

     Defendant.

_____/

# O R D E R

This matter is before the Court on Defendant's emergency motion for relief from the Court's, July 1, 2011, Order directing Defendant to comply with a prior Order compelling discovery (Doc. #112, Motion; *see also* Doc. #108, Order; Doc. #111, Order).  Plaintiff has filed a response in opposition to the Motion (Doc. #113).  Upon review of the Motion (Doc. #112), the Court has determined it is due to be granted, in part.

By way of background, on June 27, 2011, the Court compelled Defendant to provide certain discovery to Plaintiff (Doc. #108).  The Order, *supra*, did not set a specific deadline for Defendant to comply.  Subsequently, Plaintiff's counsel was advised by defense counsel that Defendant's "in-house" attorney responsible for supervising the litigation of this matter is out of the country through July 6, 2011, and that compliance with the Court's Order compelling discovery (Doc. #108) could not be effectuated until sometime thereafter (Doc. #112 at 1).

As Plaintiff desires to obtain the subject discovery prior to the taking of two key witness's depositions, she moved the Court to compel Defendant to comply with the Court's

discovery Order (Doc. #108) prior to the scheduled depositions taking place (Doc. #110).[1] On July 1, 2011, the Court granted Plaintiff's motion, *supra*, and directed that Defendant disclose the subject discovery by July 11, 2011 (Doc. #111).  The instant motion for reconsideration (Doc. #112) followed.

In the Motion (Doc. #112), Defendant maintains the Order directing disclosure of discovery by July 11, 2011 (Doc. #111) unreasonably requires Defendant to comply with the mandates of the June 28, 2011 discovery Order before the fourteen (14) day objection period, provided by Rule 72 of the Federal Rules of Civil Procedure, has expired (Doc. #112 at 2).  In addition, Defendant maintains the July 11, 2011 deadline would allow only a scant three (3) business days, from when its "in-house" counsel returns from overseas, within which to comply (Doc. #112 at 2).  Counsel for Defendant also asserts that July 7, 2011 is the earliest date upon which he will be able to confer with his client regarding whether to file an objection to the Court's June 28, 2011 Order compelling discovery (Doc. #112 at 2).

This matter has been delayed on several occasions.  In addition, the parties have been contentious and prior efforts to reschedule depositions have proven difficult. Recently, the Court extended the discovery and trial deadlines for a third time (Doc. #106; *see also* Doc. #23; Doc. #54).  As the undersigned does not desire any further delays, he will exercise his discretion to shorten the objection period with respect to the June 28, 2011 Order.  *See Weiss v. Standard Ins. Co.*, No 08-80712-Civ, 2009 WL 1833963, at *4 (S.D.

---

[1] The deposition of James Powell (Defendant's employee who reviewed Plaintiff's disability benefits appeal) is scheduled for July 14, 2011 (Doc. #113 at 5).  Defendant's Rule 30(b)(6) witness is scheduled to be deposed on July 21, 2011 (Doc. #113 at 5).

Fla. June 25, 2009) (objection time period "may be shortened where exigencies exist") *(citing Hispanic Counseling Ctr., Inc. v. Incorporated Vill. of Hempstead*, 237 F. Supp. 2d 284, 290 (E.D.N.Y. 2002)); *see also* United *States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (exigency may warrant requiring objection period shortened). The procedural posture of this case, combined with the rapidly approaching scheduled depositions, creates an exigency that requires the objection period to be shortened to the close of business on July 12, 2011. By that date and time, Defendant may either object to the undersigned's June 28, 2011 Order, or provide the subject discovery to Plaintiff.

The Court would note Defendant additionally maintains that, if it decides not to file an objection to the discovery Order dated June 28, 2011, it would be able to provide the subject discovery to Plaintiff on July 18, 2011 (Doc. #112 at 3). Thus, as an alternative ruling, if Defendant decides not to file objections to the Court's June 28, 2011 Order, and if the parties are able to agree, then  Mr. Powell's deposition may be rescheduled on or before July 29, 2011, and Defendant may provide the subject discovery responses to Plaintiff by close of business on July 18, 2011.

Based on the foregoing, it is hereby **ORDERED**:

1.      Defendant's emergency motion for relief from this Court's, July 1, 2011, Order (Doc. #112) is **GRANTED, in part**.

2.      **By close of business on Tuesday, July 12, 2011**, Defendant shall either comply with the Court's Order compelling discovery (Doc. #108) or file an objection to the Order, *supra*, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

3.      **Alternatively**, **if Defendant decides not to file an objection to the Court's discovery Order (Doc. #108)**, **and if the parties are able to agree**, then Mr. James

Powell's deposition may be **rescheduled on or before July 29, 2011**, and Defendant may provide the subject discovery responses by **close of business on July 18, 2011**.

4.        **If Defendant chooses to comply with Paragraph 3 (above)**, then it shall file a notice with the Court **by July 12, 2011** advising it of Mr. James Powell's rescheduled deposition date.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of July, 2011.

Copies to all counsel of record

**THOMAS E. MORRIS**
United States Magistrate Judge